UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALEX DUNA,

                        Plaintiff,

     -against-

THE CITY OF NEW YORK,
POLICE OFFICER JEREMY RODRIGUEZ
(SHIELD 19599), and
POLICE OFFICER MDMAHMUDUL HASAN
(SHIELD 09908),

                       Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **ALEX DUNA**, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

5. Plaintiff complied with all conditions precedent to commencing an action pursuant to New York State Law.

## VENUE

6. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, ALEX DUNA, is, and has been, at all relevant times, a resident of the City and State of New York, Bronx County.

9. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

11. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER JEREMY RODRIGUEZ (SHIELD 19599), and was a duly sworn member of said department and was acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Rodriguez was a member of the Transit Borough Manhattan Task Force.

12. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER MDMAHMUDUL HASAN (SHIELD 09908), and was a duly sworn member of said department and was acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Rodriguez was a member of the Transit Borough Manhattan Task Force.

13. At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

16. On June 26, 2016, at approximately 10:22 a.m., plaintiff ALEX DUNA was lawfully present on a subway platform inside of the 42nd Street Times Square Subway Station, in the County of New York, City and State of New York.

17. At that time and place, the Defendants arrived on duty.

18. The Defendants approached Plaintiff and grabbed his arms, dragged him, and slammed him to the ground.

19. Plaintiff was not engaged in any violent or threatening behavior and there was no reason for the Defendants to use any level of force against the Plaintiff, much less the level or force actually used.

20. The Defendants then searched Plaintiff.

21. Plaintiff was not engaged in any suspicious or illegal activity.

22. There was no reasonable basis for the Defendants to approach and search Plaintiff.

23. The search revealed no evidence of any guns, drugs or contraband.

24. Plaintiff was not engaged in any suspicious, illegal, violent, or threatening behavior.

25. Despite the absence of any wrongdoing on the part of the Plaintiff, Defendants placed the Plaintiff in handcuffs and formally arrested him.

26. At no time on June 26, 2016 did Plaintiff commit any crime or violation of law.

27. At no time on June 26, 2016 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

28. At no time on June 26, 2016 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

29. Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

30. Plaintiff was held for several hours at the stationhouse before he was transported to New York County Central Booking where he was held for several hours pursuant to false allegations made by the Defendants.

31. Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by Defendants Rodriguez and Hasan.

32. Plaintiff was released from custody at his arraignment and was forced to return to court for several months before the charges against him were dismissed on February 27, 2017 on speedy trial provisions.

33. The Defendants provided knowingly false and misleading information to prosecutors at the New York County District Attorney's Office.

34. Defendants Rodriguez and Hasan, for instance informed the district attorney's office that they observed Plaintiff obstructing pedestrian traffic on the subway platform.

35. Defendant Rodriguez further informed the New York County District Attorney's Office that he observed Plaintiff wedge himself between a turnstile and tense his body, curl his arm, tense his leg, and refuse to put his hands behind his back in order to be handcuffed.

36. These statements are false and Defendants Rodriguez and Hasan knew these statements were false when they were made.

37. Pursuant to Defendants' false allegations, Plaintiff was charged with one count of resisting arrest and one count of disorderly conduct.

38. As a result of the foregoing, Plaintiff Alex Duna sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

39. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C.

Section 1983.

41. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR
FALSE ARREST AND
EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

44. Plaintiff ALEX DUNA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, excessive force, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

46. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. At no time did Rodriguez and Hasan have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

49. Defendants Rodriguez and Hasan misrepresented and falsified evidence to the New York County District Attorney.

50. Defendants Rodriguez and Hasan did not make a complete and full statement of facts to the District Attorney.

51. Defendants Rodriguez and Hasan withheld exculpatory evidence from the District Attorney.

52. Defendants Rodriguez and Hasan were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

53. Defendants Rodriguez and Hasan lacked probable cause to initiate criminal proceedings against Plaintiff.

54. Defendants Rodriguez and Hasan acted with malice in initiating criminal proceedings against Plaintiff.

55. Defendants Rodriguez and Hasan directly and actively involved in the continuation of criminal proceedings against Plaintiff.

56. Defendants Rodriguez and Hasan lacked probable cause to continue criminal proceedings against Plaintiff.

57. Defendants Rodriguez and Hasan misrepresented and falsified evidence throughout all

phases of the criminal proceedings against Plaintiff.

58. Notwithstanding the perjurious and fraudulent conduct of Defendants Rodriguez and Hasan the criminal proceedings were terminated in Plaintiff's favor when his charges were dismissed.

59. Defendants Rodriguez and Hasan failed to intervene against each other on Plaintiff's behalf, despite their obligation and opportunity to do so.

60. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

61. By reason thereof, the individual Defendants Rodriguez and Hasan have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

62. Plaintiff ALEX DUNA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

63. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the New York County District Attorney's Office.

64. As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

65. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested, detained, and maliciously prosecuted without

8

probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FALSE ARREST AND EXCESSIVE FORCE
## PURSUANT TO STATE LAW

66. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

68. That as a direct, sole and proximate result of the false arrest and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

69. By the actions described above, the Defendants caused plaintiff to be maliciously prosecuted without probable cause, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**FIFTH CLAIM FOR RELIEF
FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

71. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

72. Defendants arrested, searched, and incarcerated plaintiff ALEX DUNA, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

73. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

74. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

75. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when

        brought to the attention of supervisors and/or policy makers;

    iv.    failing to properly train police officers in the requirements of the United States Constitution.

76. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

    iv.    falsifying evidence and testimony to cover up police misconduct.

77. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, ALEX DUNA.

78. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

80. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

81. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

82. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

83. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 15, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020